Nash, J.
 

 Under the present frame of the bill, the plaintiff cannot obtain the relief he seeks. He alleges, that the entry of the sixteen and a half acre tract, was made by
 
 him;
 
 it appears from the entry itself, and from the testimony on file, that it was made by George Russ, and in his name.
 

 The force of this fact is attempted to be evaded, in the argument before us, by shewing that George Russ acted as the agent of the plaintiff, and the deposition of the former alleges the fact to be so ; and he further testifies, that he so told the entry-taker, at the time, and that he wished the entry made in his son’s name. When he discovered the mistake, some six months thereafter, he mentioned it to the entry taker, and told him, if it
 
 *20
 
 could, it ought to be altered. Admit these facts all to be true, still it does not strengthen the plain tiff’s claim to the relief he seeks; he has not placed his equity on that ground. Every bill must state the ground upon which the plaintiff asks the interference of the Court. It will not do, to state one, and prove another. Whatever is essential to the rights of the plaintiff, must, if within his knowledge, be alleged positively, and with precision, and the facts so set forth constitute the
 
 case,
 
 to which alone the Court can look, and the only ground of relief.
 
 Mitford Pr.
 
 42. 7
 
 Day’s Rep.
 
 342,
 
 Skinner
 
 v.
 
 Bailey. Flint
 
 v.
 
 Rives,
 
 3
 
 Vy. Jr.
 
 342. Care must be taken to be put in issue in the bill, whatever is intended to be proved by the plaintiff; otherwise he will not be permitted to give it in evidence. 1
 
 Ver.
 
 483. 11
 
 Vy. Jr. 240.
 
 The reason is, the Court must pronounce the decree
 
 secundum allegata et probata.
 
 The statement of the case and the prayer for relief, together, constitute the essence and substance of the bill.
 
 Cooper’s Eq. Pl.
 
 4 to 9. The deposition of two other witnesses, Francis C Lewis, the entry taker, and Thomas Lewis, his brother, and who was present and aided in making the entry, are on file. They prove, that the entry was made by George Russ, the father, and in his own name, and that he did not direct it to be made, in the name of his son, the plaintiff, nor was his name mentioned. The alteration in the entry, made by the entry taker at the request of George Russ, twelve months after the original entry was made, cannot affect the decision of the case; and we mention it, for fear it might be supposed we had overlooked it.
 

 The bill must be dismissed with costs.
 

 Per Cdriam.
 

 Decreed accordingly.